### State, use of Bennett and Others vs. Engles.

In debt on official bond against a sheriff for not making money on an execution, an allegation of his failure to sell property levied on is no sufficient breach. There should also be an allegation that he failed to have the money before the Court on the return day of the execution.

This was an action of debt, determined in the Independence Circuit Court, in June, 1842, before the Hon. Thomas Johnson, one of the circuit judges. Bennett, Morrill & Co., using the name of the State, sued Engles, as sheriff of Independence county, and his securities, for a breach of his official bond. The declaration, after setting out the bond, and its condition, assigned two breaches: First, that, on the first day of June, 1840, Bennett, Morrill & Co. recovered, in the same court, against Choat & Dye, a judgment for $2129, with interest at the rate of 10 per cent., from August 23d, 1839, till paid, and all costs of suit; that a writ of *fi. fa.* issued thereon, commanding the sheriff to levy said debt and interest, and $4 95 cents costs sustained in the suit, on the property of Choat & Dye; that said writ was delivered to Engles, as sheriff, and by him, as sheriff, levied on certain negroes, the property of Dye; and that Engles neglected to make sale of the negroes, according to law. The second breach alleged that he refused to make sale, and did not make sale of them. The declaration concluded in proper form.

The defendants pleaded three pleas: First, that, after the levy, the negroes were claimed by a third person, and that the sheriff summoned a jury, to try the right of property, who, on the 3d of June, 1841, found the negroes to be the property of that third person, and not of Dye; and that the plaintiffs, failing to give bond of indemnity, the sheriff failed to sell. Second, that the negroes were not the property of Dye; and, Third, *nil debet.*

The plaintiff moved to strike out the second and third pleas, and demurred to the first, assigning, as grounds of demurrer, that the plea did not show that the sheriff was notified, in writing, of the claim to

the negroes, and that he did not notify the plaintiffs, or their attorneys, at least five days before the trial, of the claim set up, and the time and place of trial. Demurrer overruled, on the ground that the declaration was insufficient. No notice taken of the motion to strike out. Judgment for defendants, and appeal.

The case was argued here by *Pike & Baldwin,* for the plaintiffs in error, and *Linton,* contra.

*By the Court,* PASCHAL, J. The only question which it becomes necessary for this Court to decide is, did the Circuit Court err in deciding the declaration of the plaintiff below to be insufficient in law? The declaration avers that the sheriff committed a breach of the condition of his bond, in that, after he levied execution in the usual form, in favor of the plaintiff in error *v.* Choate and Dye, on certain negroes, the property of one of them, he failed to sell the property as the law directs. We do not see that any cause of action is contained in this allegation. The execution requires the officer to have the money before the Court, on the return day thereof; but there is no allegation that he did not so have the money. For anything that appears in the declaration, the defendants in execution may have paid the money, and released the property levied on. In declaring on an official bond, it is necessary, for the party alleging a breach, to set forth, distinctly and clearly, in what manner he has been damaged by the failure of the officer to perform his duty. Judgment affirmed.